**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF TEXAS**

**HOUSTON DIVISION**

| | | |
|---|---|---|
| MATTHEW WAYNE FREEZE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-05-1957 |
| | § | |
| DOUG DRETKE, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM ON DISMISSAL**

Petitioner, Matthew Wayne Freeze, submitted this petition for habeas corpus relief under 28 U.S.C. § 2254. Petitioner is serving two sentences in the Texas Department of Criminal Justice for convictions of burglary of a habitation and aggravated robbery.

Petitioner does not contest the constitutionality of his state court convictions. Instead, he challenges a prison disciplinary hearing in case number 2004-0331224. A disciplinary hearing officer found Petitioner guilty of sexual misconduct. The officer punished Petitioner with 45 days of commissary and recreation restrictions, the loss of 45 days of good conduct time, and a decision that he remain in his current restrictive custody status.

1

Petitioner raises these grounds for relief:

1. The disciplinary hearing officer violated Petitioner's due process rights because he limited Petitioner to three witnesses and did not allow him to properly question the charging officer. The evidence was insufficient to find Petitioner guilty.

2. The charging officer violated Petitioner's due process rights because she deliberately made a false incident report and made false statements at the disciplinary hearing.

The due process clause of the Fourteenth Amendment does not create a liberty interest in the deprivations suffered by Petitioner in his disciplinary case. A prisoner's due process rights only apply to interests whose loss would involve a "significant, atypical" deprivation resulting in "hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). Petitioner has no due process liberty interest in his custody classification or good time earning status. *See Luken v. Scott*, 71 F.3d 192, 193 (5th Cir. 1995). The commissary and cell restrictions are not significant, atypical deprivations. *Id*.

An inmate may still be entitled to procedural due process protections in a prison disciplinary proceeding where accrued good conduct time credits are forfeited as punishment and the good time forfeiture affects the duration of the prisoner's incarceration. *See Sandin* 515 U.S., at 485-86. Under Texas law, there are two ways in which a prisoner becomes eligible for release: parole and mandatory supervision.

*See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). However, only mandatory supervision is a liberty interest which implicates due process—an inmate eligible only for parole does not have a liberty interest in good time. *See Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). Petitioner is not eligible for mandatory supervision release. *See* Petition, p. 5, ¶ 16. Because Petitioner is ineligible for mandatory supervision release, his loss of accrued good time affects only his parole eligibility and does not implicate due process. *See Malchi*, 211 F.3d, at 957-58. None of the deprivations suffered by Petitioner violate the due process clause or any other constitutional provisions.

The federal courts are authorized to dismiss habeas petitions without ordering a response where it appears that the petitioner is not entitled to relief. *See* 28 U.S.C. § 2243; Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. Petitioner's habeas petition fails to state a claim upon which relief may be granted and is frivolous because it lacks an arguable basis in law. *See McDonald v. Johnson*, 139 F.3d 1056, 1060 (5th Cir. 1998).

Accordingly, it is ORDERED that Petitioner's habeas corpus claims be DISMISSED for failure to state a claim upon which relief may be granted and as frivolous. Petitioner's Motion to Proceed *In Forma Pauperis* [Docket Entry No. 2] is GRANTED.

This Court finds that Petitioner has not made a substantial showing of the denial of a constitutional right. The issues raised here are not debatable among jurists of reason, could not be resolved in a different manner, and do not deserve encouragement to proceed further. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983). This Court finds that a Certificate of Appealability should not issue.

SIGNED at Houston, Texas, on this  8th  day of June, 2005.

*David Hittner*

_____

DAVID HITTNER

United States District Judge